IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD LOUIS PELTIER,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC,<br><br>Defendants. | Case No.: 1:25-cv-00302<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is an individual action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* (the "FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Richard Louis Peltier ("Plaintiff") resides in Coventry, Rhode Island, and qualifies as a "consumer" as defined and protected by the FCRA.

5. Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency that regularly conducts business in this District and maintains its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309. Equifax can be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

1

6. Defendant Experian Information Solutions, Inc. ("Experian") a consumer reporting agency that regularly conducts business in this District and maintains its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian can be served through its registered agent, C T Corporation System, at 330 North Brand Boulevard, Glendale, California 91203.

7. Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in this District and maintains its principal place of business at 555 W. Adams Street, Chicago, IL 60661. Trans Union can be served through its registered agent, Illinois Corporation Service Company, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

## FACTUAL ALLEGATIONS

8. Plaintiff is the victim of identity theft. In 2023, Plaintiff's identity was used to fraudulently open accounts with numerous financial institutions, including American Express, JPMorgan Chase Bank, Citibank, First Savings Bank, LendingClub, and Metabank Capital Credit.

9. The fraudster, who was later revealed to be Plaintiff's father, took out two personal loans from LendingClub, applied for credit in Plaintiff's name, incurred substantial charges on the credit accounts, and then defaulted on payments. Delinquencies were reported on Plaintiff's credit report and his credit score plummeted.

10. In August 2023, LendingClub withdrew $800 from Plaintiff's checking account for no apparent reason, prompting Plaintiff to investigate. An audit of his checking account statements revealed that Plaintiff's father had written fraudulent checks out to himself from Plaintiff's checking account

11. Recognizing that his finances were jeopardized, Plaintiff then checked his credit reports and was shocked to see that Defendants were reporting derogatory and inaccurate

statements and information relating to Plaintiff's credit history to third parties from at least mid 2023 to through to the present.

12. The inaccurate information includes numerous credit card accounts with a combined balance of $74,000, two personal loans with a combined $40,000, and multiple unfamiliar hard inquiries (the "Fraudulent Accounts" and "Fraudulent Inquiries"), as follows:

| Account | Equifax | Experian | TransUnion |
|---|---|---|---|
| American Express ending in 2680 | X | X | X |
| CCS/First Savings Bank ending in 2874 | X | X | X |
| Credit One Bank ending 7454 | X | X | X |
| FSB Blaze ending 4161 | X | X | X |
| Citizens Card Services ending 6651 | X | | |
| Citizens Card Services ending 6852 | X | | |
| American Express ending 2683 | X | X | |
| JPMorgan Chase Bank ending 8873 | X | X | X |
| Lending Club Corp. ending 6483 | X | | |
| JPMorgan Chase Bank ending 4797 | X | X | X |
| Merrick Bank Corp. ending 0449 | X | X | X |
| Lending Club ending 0729 | X | X | X |
| Lending Club ending 5921 | X | X | X |
| Citicard CBNA ending 1678 | X | | |
| Citizens Card Services ending 3993 | X | | |
| TBOM/ATLS/ASPIRE Account No. 550114XX | | X | |

| **HARD INQUIRIES** | | | |
|---|---|---|---|
| CBNA Inquiry dated 3/2/2022 | X | | |

3

| | | | |
|---|---|---|---|
| Lending Club Inquiry dated 1/20/2023 | | | X |
| FSB Blaze inquiry date 1/11/2023 | | | X |
| 1st Savings Bank inquiry dated 1/11/2023 | | | X |
| TBOM/ASPIRE inquiry dated 3/2/2022 | | | X |
| FNB OLDHAMCCS inquiry dated 3/24/2023 | | | X |
| TBOM Milestone inquiry dated 9/20/2022 | | | X |

13. At all times pertinent hereto, Plaintiff was not responsible for the Fraudulent Accounts.

14. Instead, the Fraudulent Accounts were opened as the result of identity theft and fraud.

15. Plaintiff did not open or authorize the opening of the Fraudulent Accounts.

16. Plaintiff did not use, did not authorize the use, and did not benefit from the use of the Fraudulent Account.

17. Plaintiff did not submit credit applications as reflected in the Fraudulent Inquiries.

18. The inaccurate information negatively reflects upon Plaintiff, his credit repayment history, his financial responsibility as a debtor, and his creditworthiness.

19. Defendants Trans Union, Equifax and Experian have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

20. Plaintiff has disputed the inaccurate information with Defendants Trans Union, Equifax and Experian to their representatives by following Trans Union, Equifax and Experian's

established procedures for disputing consumer credit information from April 2024 through the present.

21.     Plaintiff has provided a proper Identity Theft Affidavit to all Defendants pursuant to 15 U.S.C. § 1681a(q)(4).

22.     Notwithstanding Plaintiff's efforts, Defendants Trans Union, Equifax and Experian have sent Plaintiff correspondence indicating their intent not to block the inaccurate information and to continue publishing the inaccurate information and Defendants Trans Union, Equifax and Experian continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

23.     Defendants Trans Union, Equifax and Experian have repeatedly published and disseminated consumer reports to such third parties from at least July 2024 through the present.

24.     Despite Plaintiff's efforts, Defendants Trans Union, Equifax and Experian have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and/or (5) performed any handwriting analysis.

25.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable reinvestigations and/or investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff

26. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost loan opportunities, harm to credit reputation and credit score, and emotional distress including humiliation and embarrassment.

27. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

28. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA
### Against All Defendants

29. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

30. At all times pertinent hereto, Defendants Trans Union, Equifax, and Experian were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

31. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

32. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

33. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants Trans Union, Equifax, and Experian are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681c, 1681e(b), and 1681i.

34. The conduct of Defendants Trans Union, Equifax, and Experian is a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants Trans Union, Equifax, and Experian are each liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## DEMAND FOR JURY TRIAL

35. Plaintiff hereby demands jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief: (i) statutory damages; (ii) actual damages; (iii) punitive damages; (iv) costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and (v) such other and further relief as may be necessary, just, and proper.

Dated: June 26, 2025

*/s/ Matthew McKenna*
Matthew McKenna, Esq., #10320
SHIELD LAW, LLC
157 Belmont Street
Brockton, MA 02301
T: (508) 588-7300
F: (508) 588-7303
E: matt@shieldlaw.com

*Attorney for Plaintiff*
*Richard Louis Peltier*